IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> IMPERIUM IP HOLDINGS (CAYMAN), ) <br> LTD., ) <br> ) <br> Defendant. ) | Civ. No. 15-1059-SLR |

**MEMORANDUM ORDER**

At Wilmington this 4th day of December, 2015, having conferred with counsel regarding plaintiff's[1] emergency motion for expedited proceedings on its breach of contract action, and having reviewed the follow-up letters focused on the single issue of which court (this court or the United States District Court for the Eastern District of Texas) should resolve the dispute in the first instance (D.I. 15, 16);

IT IS ORDERED that Samsung's motion for expedited proceeding (D.I. 9) is denied, for the reasons that follow:

1. Samsung filed the instant breach of contract action as an alleged third party beneficiary to a license agreement between defendant Imperium IP Holdings (Cayman), Ltd. (hereinafter "Imperium") and Sony Corporation and Sony Mobile Communications (USA) Inc. ("the Sony Agreement," D.I. 10, ex. A). (D.I. 2) Samsung asserts that its suit is deserving of expedited consideration because it has been sued for patent

---

[1] Samsung Electronics Co., Ltd., hereinafter "Samsung."

infringement by Imperium in the Eastern District of Texas ("the Texas litigation"), which suit is scheduled to be tried in February 2016. Samsung asserts that: (1) it is a third party beneficiary to the Sony Agreement; (2) Imperium has accused "Covered Third Party Products," (as that term is defined in the Sony Agreement, D.I. 10, ex. A at 2); (3) it will be irreparably harmed if forced to defend against such products in the Texas litigation; and (4) the forum selection clause included in the Sony Agreement mandates that the issue be resolved by a Delaware court (*Id.* at 10).

2. In response, Imperium argues that Samsung has raised a license defense in the Texas litigation based on the Sony Agreement; indeed, its motion for summary judgment in this regard is pending in the Texas litigation before the Honorable Amos L. Mazzant III. Moreover, even assuming the forum selection clause of the Sony Agreement applies to Samsung, the principles of judicial efficiency and comity outweigh the principle that forum selection clauses generally should be honored.[2]

3. I conclude that Imperium has the more compelling arguments. In the first instance, the dispute is before Judge Mazzan who, being very familiar with the parties and the technology, is in a much better position to resolve the initial (if not the dispositive) issue, that is, has Imperium asserted infringement I the Texas litigation against products covered by the Sony Agreement and whether such assertions were made timely or concealed, an issue raised by Samsung in the instant motion. Concerns about judicial efficiency and comity, therefore, are clearly better served by

---

[2]*See Atl. Marine Const. Co. v. U.S. Dist. Court for the W. Dis. of Tex.*, 134 S. Ct. 568, 583 (2013) ("When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations.").

having Judge Mazzan resolve Samsung's license defense in the context of the Texas litigation. With respect to harm, although going to trial is a costly proposition, such costs can be calculated and reimbursed (e.g., as sanctions and, therefore, do not constitute irreparable harm. Finally, while forum selection clauses should generally be enforced, Samsung - as an alleged third party beneficiary to the Sony Agreement - did not bargain for the clause and had no "settled expectations" regarding such. In any event, and as noted above, the interests identified with enforcing such clauses are outweighed under the circumstances at bar by the interests of judicial efficiency and comity; that is, it makes sense to allow a knowledgeable judge on a trial schedule with the issue before him to do his job.

IT IS FURTHER ORDERED that, given the above reasoning, the case is stayed pending further order of the court.

_____
United States District Judge