# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **SAMSUNG ELECTRONICS CO., LTD.** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 15-1059 |
| **IMPERIUM IP HOLDINGS** | : | |
| **(CAYMAN), LTD.** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                   **August 28, 2017**

      A pleading generally describing a license agreement is not "sealed" and precluded from public access in this Court simply because it discloses agreed business terms not known to the market. Sealing or redacting business terms from pleadings requires particularized allegations, often with sworn testimony, of the present harm from disclosure. Parties seeking to invoke the constitutional authority of federal courts must recognize the public trust placed in our judicial processes from a transparent deliberative process. We do not preclude public access to the facts underlying our Orders simply because businesspersons do not want their business dealings disclosed. We need much more. As confirmed in today's Order denying a motion to seal most of a proposed first amended complaint, we decline to block public access to a wide variety of plead general business terms from a 2013 license agreement between the defendant and a third party at issue in this case without particularized allegations of present (not stale) harm to future confidential business dealings when we have no evidence the proposed redactions of 2013 business terms involve trade secrets or private patent valuations, pricing, or licensing strategies in place today or at issue in upcoming business negotiations.

I.      Facts

Samsung Electronics Co., Ltd. sues Imperium IP Holdings (Cayman), Ltd. for allegedly breaching contractual obligations owed to third-party beneficiaries under a 2013 contract/license between Inperium and Sony Corporation and Sony Mobile Communications (USA), Inc. Samsung's claims arise from the May 2013 settlement of an earlier lawsuit filed by Imperium against Sony alleging infringement of five United States patents in the United States District Court for the Eastern District of Texas. Based on a settlement, the Texas district court dismissed Imperium's complaint on May 10, 2013.

Imperium later sued Samsung in the same Texas district court for infringing three of the patents identified in the settlement license agreement with Sony. Following a February 2016 trial, the jury returned a verdict finding certain of the products infringed the patents involving Sony. Following trial, the district court ordered briefing on issues related to the Sony license agreement and Imperium moved for an ongoing royalty for the accused Samsung products and future products. This Texas case is ongoing.

Samsung then filed a complaint here as a third-party beneficiary of the Sony license agreement with Imperium seeking damages, declaratory relief and equitable relief. Samsung filed its initial complaint under seal and now moves to file a first amended complaint with redactions of varying lengths in 55 of the 79 allegations and in five of the nine requests for relief.

Samsung argues the 2013 settlement agreement must be maintained as confidential because Sony and Imperium agreed to keep their agreement confidential and Sony's future unidentified interests in license agreements are at stake. Samsung also cites Sony's "competitive interest" in finding similar business resolutions to future litigation. We lack evidence from Sony

nor do we understand any of the redacted allegations as disclosing licensing strategies, pricing or patent valuations. Rather, Samsung seeks to redact general business terms and reaches as far as hoping to redact a venue selection clause.

**II.     Analysis**

Samsung seeks to seal dozens of allegations in a proposed first amended complaint without citing particularized harm. Its argument is conclusory: "[w]ere disclosure required, competitors and potential licensing targets would gain access to pricing, finances, patent valuation, and licensing strategies which could be used to undercut future licensing negotiations"… "private [settlement] contract is highly confidential, contains sensitive business information belonging to [Defendant] and a third party to this action, and expressly prohibits unrestricted public disclosure of its terms."[1] Samsung argues the specific license language is also entitled to be redacted because third party Sony has not consented to its disclosure. There is no disclosure of financial information or patent disclosures other than identifying public information on patent holders. There is no recital of pricing, finances, patent valuation or licensing strategies.

The common law right of access to judicial proceedings and judicial records" is a right which our court of appeals holds is "'beyond dispute.'"[2] The burden of justifying the confidentiality of each document sought to be covered by a protective order remains on the party seeking the order.[3] Right of access to judicial records is not absolute.[4]

We have "supervisory power over [our] own records and files" and may deny access "where court files [may] become a vehicle for improper purposes."[5] Our court of appeals permits us to seal documents where justice requires.[6] Right of access "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by

the court."[7] A "'strong presumption' in favor of accessibility attaches to almost all documents created in the course of civil proceedings."[8] Beyond evidence, the common law right of access includes all judicial records and documents, "transcripts, evidence, **pleadings**, and other materials submitted by litigants ..."[9]

We do not preclude public access absent particularized good cause. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity."[10] "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a good cause showing.[11] We must make "specific, rigorous findings before sealing" court filings.[12]

A. **Plaintiff offers no basis to find current harm from 2013 general information**.

There is no basis to find impact on present negotiations or strategies. The proposed redactions involve a settlement of claims in 2013. Samsung's request reaches so far as seeking to redact venue selection.

Samsung's reliance on *Mosaid Tech. Inc. v. LSI Corp.* is misplaced.[13] The court in *Mosaid* explained, "terms that relate to pricing, valuation, monetary payments, and financial information should be protected."[14] The court warned against redaction of other terms, such as basic, foundational, and non-financial terms, particularly where the terms sought to be redacted address the "core of the parties' dispute, and the reason they have sought relief in this forum."[15] The court further explained granting the application to prevent disclosure of any reference to the underlying agreement "would effectively convert itself into an arbitrational tribunal, where the presumption is that all materials will be kept confidential and not be disclosed to the public."[16]

"Documents containing trade secrets or other confidential business information may be

protected from disclosure."[17] "Information in a document, report, brief, or transcript may hint at [trade secrets] without actually threatening any 'clearly defined and serious injury.'"[18] When redaction is deemed appropriate, "the proposed redactions should be as narrow as possible."[19] A document is not sealed in its entirety simply because it contains trade secrets or confidential information, rather, the protection sought must target the specific secrets and confidential information.[20]

We do not extend a seal to protect stale information from public disclosure absent a specific explanation of harm resulting from such disclosure.[21] "The rationale for protecting materials from disclosure is undermined when those materials contain information that is stale."[22] The presence of stale information weighs against finding a competitive disadvantage will be created by disclosure.[23] Absent contrary evidence, we cannot find terms in a 2013 license agreement arising from the unique context of settling patent litigation has continuing vitality today.

### B. A private agreement does not mandate a judicial seal.

The parties present no particularized good cause for sealing other than claiming confidentiality simply because of a private agreement. The private agreement does not govern our obligation to ensure public access.[24] Unlike discovery exchanges, the parties now ask a public servant to review a public filing.

Samsung's reliance on *LEAP Systems, Inc. v. Moneytrax, Inc.* is misplaced. In *LEAP Systems Inc.*, the court emphasized the settlement's confidentiality clause and concluded disclosure of the settlement terms would not promote fairness and efficiency because the settling parties relied upon <u>the court's</u> assurances the terms would not be subject to public disclosure when

agreeing to settle.[25] The parties have not shown any judicial promise of confidentiality of the 2013 settlement agreement terms. While certain settlement agreements with a court-ordered confidentiality may warrant continuing protection, we find the policy behind sealing a court-ordered confidential settlement is not present today.

### III. Conclusion

We need a clearly defined and serious injury with articulated reasoning to preclude public access. The parties have not met this standard. We have no basis to find disclosure of negotiated settlement terms from 2013 will harm future business negotiations.

---

[1] ECF Doc. No. 29-1, 29-3.

[2] *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir.1988)).

[3] *Id.* at 1122.

[4] *Id.* at 221 (*citing Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* (internal quotations omitted).

[9] *United States v. Martin*, 746 F.2d 964, 968 (3d Cir.1984) (emphasis added).

[10] *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984).

[11] *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986), *cert. denied*, 484 U.S. 976 (1987).

[12] *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016).

[13] ECF Doc. No. 29-3, pp. 2-3.

[14] *Mosaid Tech., Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 511 (D. Del. 2012).

[15] *Id.*

[16] *Id.* at 512.

[17] *Leucadia v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

[18] *Insight Equity AP X LP v. Transitions Optical, Inc.*, No. 10-635, 2016 WL 7477751, at *1 (D. Del. 2016).

[19] *Id.*

[20] *See id.*

[21] *Id.* ("Things that typically weigh against the necessity of sealing include that the information is old, or general, or already in the public record, and was relevant to the judicial proceeding."); s*ee also Zavala v. Wal-Mart Corp.*, No. 03-5309, 2007 WL 2688934, at *10 (D.N.J. 2007) (finding materials dating back to more than three years ago were not subject to seal as such stale information was "unlikely to harm any 'future negotiations'" or give the defendants' competitors a future competitive advantage")

[22] *Faulman v. Sec. Mut. Fin. Life Ins. Co.*, No. 04-0583, 2006 WL 1541059, at *3 (D.N.J. 2006).

[23] *Koch v. Greenberg*, No. 07-9600, 2012 WL 1449186, at *4 (S.D.N.Y. 2012).

[24] *See Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D.Mass. 2015)("It stems from the parties' misconception that they, rather than the court, get to decide when documents are sealed.")

[25] *LEAP Systems, Inc. v. Moneytrax, Inc.*, No. 05-1521, 2010 WL 2232715 at *9 (D.N.J. 2010), *aff'd*, 638 F.3d 216, 221 (3d Cir. 2011).