# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 15-1059 |
| IMPERIUM IP HOLDINGS | : | |
| (CAYMAN), LTD. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                          October 10, 2017

      With an ever-increasing number of claims filed by citizens seeking to invoke our limited jurisdiction, federal courts strive to avoid wasting taxpayer-funded effort in duplicating analysis of the same arguments resolved before another federal judge, tried before a jury and now on appeal. Unhappy with the venue or possible results, some parties tactically choose to file cases in another federal court with a relationship to the dispute hoping for better results. We discourage this tactic in all cases, even when the dispute is dressed-up as a complex patent dispute with forum selection clauses not invoked until the last minute. Today, we address the most classic of defenses now being brought here as an affirmative claim: the person claiming infringement in another court earlier signed an agreement allegedly agreeing not to sue this party for infringement. A classic release/waiver defense. Curiously, our plaintiff failed to timely raise this defense when sued for infringement and, when it did finally raise the defense, the federal court found it waived the defense. When, as here, the parties fully litigated these issues now presently before the United States Court of Appeals for the Federal Circuit following a multi-million dollar jury verdict and extensive post-trial motions, the principles of comity and judicial efficiency among federal courts require we dismiss this action without prejudice.

### I. Background

In 2011, Imperium IP Holdings (Cayman), Ltd. ("Imperium") filed patent infringement claims against Sony Mobile Communications (USA) Inc. ("Sony") and others in the United States District Court for the Eastern District of Texas.[1] Imperium and Sony signed a Settlement and License Agreement ("Sony License Agreement" or "Agreement") to end this 2011 infringement case.[2] Under the Agreement, Imperium granted Sony and its "Affiliates" a license and release on Imperium's "Licensed Patents" for Sony components.[3] The Agreement allegedly extended the license to Sony's customers such as Samsung Electronics Co. Ltd. ("Samsung").[4]

The Agreement contained two provisions important to us today: a "covenant not to assert or enjoin" infringement claims and a forum selection and governing law clause.[5] Under the covenant not to assert, Imperium promised it would not "directly or indirectly . . . assert, make any claim, commence, or prosecute any lawsuit, action, or proceedings for infringement against any entity for infringement of the Licensed Patents with respect to Licensed Products or Covered Third Party Products."[6] The forum selection and governing law clause provides the Agreement "shall be construed, and the relationship between the Parties determined, in accordance with the laws of the State of Delaware" and "all disputes and litigation regarding this Agreement, its construction and matters connected with its performance be subject to the exclusive jurisdiction of the state and federal courts located in Delaware . . . ."[7]

Three years later, on June 9, 2014, Imperium sued Sony's customer Samsung in the United States District Court for the Eastern District of Texas alleging infringement on asserted Imperium patents (the "Texas Action").[8] At the September 9, 2015 discovery and dispositive motion deadline, Samsung contends it learned for the first time Imperium's infringement claims relied, at least in part, on Sony image sensors covered by the Sony License Agreement and

Samsung could assert the covenant not to sue in the Agreement as a defense to Imperium's claims.[9] Eight weeks later, on November 3, 2015, Samsung moved for leave to file summary judgment out-of-time to assert the Sony License Agreement.[10]

On November 16, 2015, while its motion for leave to file summary judgment remained pending before the Honorable Amos Mazzant in the Texas Action, Samsung headed east with this case alleging Imperium breached the covenant not to sue by bringing the Texas Action. In other words, its defense in the Texas Action is now a later request for declaratory relief here. Samsung wants us to declare Imperium breached its contractual obligations to it as a third-party beneficiary of the Sony License Agreement by bringing and maintaining the patent infringement suit in the Texas Action with respect to asserted patents against Samsung products using Sony image sensors. Samsung seeks a declaratory judgment: Imperium is liable for breach of the Agreement; Samsung is a third-party beneficiary of the Agreement; Samsung is a licensee third party licensee with respect to its products using Sony image sensors; and Imperium breached its contractual obligations to Samsung by maintaining its infringement claims. Samsung also asks we preliminarily and permanently enjoin Imperium from maintaining infringement claims against Samsung relating to products using the Sony image sensors. Samsung also asks we order Imperium to pay damages and recover its expenses, costs, and attorney's fees and/or Imperium's contractual obligations to Samsung.

After filing the complaint here, Samsung then moved in the Texas Action to stay the Texas Action.[11] It also filed an emergency motion for expedited proceedings here.[12] After argument and briefing,[13] the Honorable Sue L. Robinson of this Court denied Samsung's motion for expedited proceedings on December 4, 2015 and stayed this action finding the interests of judicial efficiency and comity are better served by Judge Mazzant's disposition of Samsung's

3

license defense in the first filed Texas Action.[14]

With this case stayed, the parties turned back to the same issue being belatedly asserted as a defense in the first filed Texas Action. On January 19, 2016, Judge Mazzant denied Samsung's motion for a stay of the Texas Action pending resolution of the Delaware action, finding Judge Robinson's December 4, 2015 Order staying this case "ma[de] clear its belief that this Court is the proper court to address, at the very least, initial issues in this case, that a stay will not simplify issues for trial or serve any practical purpose under these circumstances."[15] On January 21, 2016, Judge Mazzant denied Samsung's motion for leave to move for summary judgment out-of-time.[16] Judge Mazzant found Samsung knew or should have known of the potential relevance of the covenant not to sue in the Sony License Agreement before the discovery and dispositive motion deadline and, even if Samsung first learned Imperium improperly relied on licensed Sony image sensors at the discovery and dispositive motion deadline, Samsung's eight-week delay in filing the motion is not "excusable neglect."[17] Although he denied Samsung's motion for leave to file summary judgment, Judge Mazzant ordered briefing "describing how issues related to the Sony License Agreement should affect" the upcoming trial.[18]

At the conclusion of trial in the Texas Action, the jury returned a verdict in favor of Imperium.[19] Judge Mazzant ordered post-trial briefing, "believ[ing] that there are several relevant issues remaining to be determined, namely, whether the Sony License Agreement applies when accused products merely contain a licensed Sony device, whether [Imperium] actually accuses products of infringement by relying on licensed Sony devices to satisfy and element of an asserted claim, whether [Samsung] waived the issue of the Sony License, and whether any alleged concealment by [Imperium] bears on these issues."[20]

After considering the parties' post-trial briefing, Judge Mazzant held Samsung waived the Sony License Agreement defense.[21] Judge Mazzant found evidence of prejudice existed because Samsung "chose not to raise the defense, even when they admit to becoming aware of the issue, and did not supplement interrogatory responses with the Sony License information."[22] Judge Mazzant found Samsung "never presented evidence as to why, given this understanding of the patent and knowledge of their own products' usage of Sony image sensors, [Samsung] did not assert that they may be entitled to assert the Sony License, particularly if [Imperium] agreed to [Samsung's] understanding of the patents-in-suit."[23] Judge Mazzant rejected Samsung's contention Imperium concealed its reliance on Sony image sensors throughout the litigation.[24]

Judge Mazzant entered final judgment awarding $20.9 million in favor of Imperium on August 24, 2016.[25] Samsung moved under Federal Rule of Civil Procedure 50(b) for judgment as a matter of law and Rule 59 for a new trial.[26] Judge Mazzant denied Samsung's Rule 50(b) and Rule 59 motion.[27]

Samsung timely appealed Judge Mazzant's orders denying Samsung's motion for leave to file motion for summary judgment out-of-time; motion to stay litigation pending determination of Imperium's breach of the Sony License by the Delaware court; and Rule 50(b) and Rule 59 motion.[28] The Federal Circuit issued a briefing schedule on October 4, 2017. These issues are now before the Federal Circuit.

On August 16, 2017, with the parties' consent, we lifted Judge Robinson's December 4, 2015 stay of this action and granted Samsung leave to file an amended complaint.[29] Samsung filed its First Amended Complaint alleging breach of the Sony License Agreement and seeking a declaratory judgment Imperium breached its contractual obligations to Samsung, as a third-party beneficiary of the Sony License Agreement, by bringing the patent infringement claim and

seeking ongoing royalties in the infringement claim in the Texas Action.[30]

## II.     Analysis

Imperium moves to dismiss or to transfer the first amended complaint to the Eastern District of Texas based on: (1) the first-filed rule; (2) *res judicata*; (3) Samsung lacks Article III standing; and (4) *Colorado River* abstention. We find the first-filed rule requires we dismiss without prejudice to Samsung to file any remaining claims in the Eastern District of Texas.

Samsung is duplicating litigation in Texas. Samsung is currently appealing Judge Mazzant's specific finding Samsung waived a licensing defense to Imperium's patent infringement action. Samsung's defense derives from licensing provisions in the Agreement between Imperium and Sony. Judge Mazzant's orders on the Sony License defense are among the issues on appeal. Nevertheless, Samsung seeks to prosecute its claims against Imperium in this Court arguing Imperium breached the very same agreement by suing Samsung for infringement in Texas, and seeks declaratory judgment in this Court, including enjoining Imperium for maintaining infringement claims against Samsung.

Samsung argues we should hear the merits of its contract and damages claims as it did not, and could not have filed, in the Texas Action. But these are the very issues on appeal. We are left, then, to determine how we can possibly address the merits of Samsung's claims in this action overlapping the issues on appeal to the Federal Circuit. We cannot countenance a collateral attack on the Texas Action.

In this Circuit, the first-filed rule provides "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."[31] This is a rule of comity and "serve[s] to counsel trial judgments to exercise their discretion by enjoining the subsequent prosecution of 'similar cases . . . in different federal district courts.'"[32] We are

directed by our court of appeals the "first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court."[33] In applying the first-filed rule, the "second-filed" court invoking the rule has the discretion to stay, transfer, or dismiss the case before it.[34]

Chief Judge Stark recently held the first-filed rule in patent cases is governed by Federal Circuit law which "applies the general rule favoring the forum of the first-filed case 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.'"[35] In the Federal Circuit, "[w]hen two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action."[36] Samsung contends our court of appeals' precedent on the first filed rule, and not Federal Circuit precedent, directs our analysis. As described, there is no substantive difference in the analysis required by the Federal Circuit and our court of appeals.

Samsung argues Imperium breached both the substantive and procedural provisions of the Sony License Agreement by suing Samsung for infringement despite Samsung's use of Sony image sensors, and by opposing in the Texas Action the Delaware forum for resolving issues under the Sony License Agreement. Samsung argues the Agreement's forum selection clause makes Delaware the exclusive forum to consider its claim for damages caused by Imperium's breach of the Agreement. Samsung argues the first-filed rule does not require dismissal or transfer of this case because this case is not duplicative and does not have substantial overlap with the Texas Action; the forum selection clause "trumps" the first-filed rule; even if the first-filed rule applies, the *Chavez* decision requires we consider Samsung's claims because there is a

7

"serious possibility that no court will ever reach the merits" of its claims; and, the *Futurewei* case from the Federal Circuit is not applicable.

We disagree with Samsung's arguments. First, Samsung's contract and damages claims are duplicative and substantially overlap the Texas Action. Samsung argued in Texas the Sony License Agreement; it is arguing here Imperium breached the Sony License Agreement. Although Samsung tries to distinguish its contract damage claims from its defense, they are the same side of the coin. If we proceed, we would necessarily need to decide whether Samsung is entitled to a declaration Imperium could not file the Texas Action. This issue is before the court of appeals.

We disagree Samsung's license defense will never be addressed on the merits if we dismiss or transfer this action because of Imperium's alleged "gamesmanship." Samsung points to the transcript of the parties' December 1, 2015 telephone conference call with Judge Robinson shortly after it filed this case. In the call, Imperium told Judge Robinson it is inappropriate for her to resolve Samsung's contract claims but also told her it would argue waiver of the Sony License Agreement in the Texas Action. In response, Judge Robinson told Imperium "that strikes me as not a very compelling argument." We are not aware of Judge Robinson's reasoning but it strikes us the issue today is not whether Samsung waived the terms of the Sony License Agreement but rather whether Judge Mazzant already fully addressed these issues.

Our order today does not mean Samsung's claims will never be decided on the merits. The Court of Appeals for the Federal Circuit will review Judge Mazzant's orders finding Samsung waived the Sony License defense. If the Federal Circuit remands to Judge Mazzant, these issues will be ripe for renewed treatment. The very nature of waiver is the loss of substantive rights. You cannot argue unfairness to a second court if the first court found you

waived the argument. If we allowed this type of argument, procedural rulings in one court could be attacked in a second court based on substantive grounds. The dismissal based on waiver ends the analysis.

Further, Imperium does not dispute the right of Samsung to litigate this issue in Texas. Imperium agrees the case belongs in Texas. Samsung is not prejudiced. It argued before Judge Mazzant and lost, albeit on waiver grounds. We are not the court of appeals for the Texas district court. Samsung cannot argue here what it already lost in Texas.

Contrary to Samsung's argument, the forum selection clause does not "trump" the first-filed rule. In her December 4, 2015 stay order, Judge Robinson rejected this argument: "[W]hile forum selection clauses should generally be enforced, Samsung – as an alleged third party beneficiary to the Sony Agreement – did not bargain for the clause and had no 'settled expectations' regarding such. In any event, and as noted above, the interests identified with enforcing such clauses are outweighed under the circumstances at bar by the interests of judicial efficiency and comity; that is, it makes sense to allow a knowledgeable judge on a trial schedule with the issue before him to do his job."[37] We agree, and all the more so nearly two years since Judge Robinson issued her stay order. In the interim, the parties litigated the Texas Action and Judge Mazzant considered issues related to the Sony License Agreement and presided over trial.

The Supreme Court's holding in *Atlantic Marine*[38] does not require a different outcome. Our court of appeals' recent decision in *Howmedica Osteonics*,[39] after *Atlantic Marine*, does not support Samsung's argument the forum selection clause "trumps" the first-filed rule. In *Howmedica Osteonics*, our court of appeals directed we apply a four-step inquiry, considered in sequence, to determine whether to grant a motion to transfer where there is forum selection clause. Even where there is a forum selection clause and even if we found Samsung a contracting

9

party – and we note Judge Robinson found Samsung an alleged third-party beneficiary to the Sony License Agreement – we could decline to enforce a valid forum selection clause if we determine "the strong public interest in upholding the contracting parties' settled expectations is 'overwhelmingly' outweighed by the countervailing interests."[40] We today review a fully-litigated judgment in Texas now on appeal. Even if we were to find the forum selection clause trumps the first filed rule, the countervailing interests of avoiding a second district court reviewing the same issues carries the day.

Lastly, the *Futurewei* case is, at the very least, persuasive in supporting the first-filed rule.[41] In *Futurewei*, a factually similar case, the Federal Circuit affirmed the dismissal of the plaintiff's claims under the first-filed rule. There, plaintiff brought an action against defendants in the Central District of California seeking declaratory judgment it did not infringe on patents under an agreement similar to the Sony License Agreement here. Defendants moved to dismiss the complaint based on the first-filed patent infringement action filed against plaintiff in the Eastern District of Texas. The Federal Circuit affirmed the district court's dismissal of plaintiff's claims under the first-filed rule.[42] The Federal Circuit found it "both just and efficient" to have plaintiff's request for a declaratory judgment it is a third-party beneficiary of a license agreement to be decided in the Texas Action even with a California forum selection clause.[43] The Federal Circuit aptly observed:

> It may be that Huawei can secure protection against or transfer of the Texas suit without having to establish that it has the legal status of a third-party beneficiary of the agreement. For example, section 2.1 may give Huawei a license for the challenged activities, and transfer may be required or warranted based in whole or in part on the forum-selection clause or based on the more multi-factored approach that generally governs change of venue. . . . Those possibilities may make it unnecessary for Huawei's status as a third-party beneficiary to be decided in the Texas case, ***but there is no doubt that Huawei can argue for that status in the Texas case. And there is likewise no doubt that keeping the issue in the Texas case will serve key objectives of the first-to-file rule, including minimization or avoidance of "duplication of effort, waste of judicial***

10

*resources, and risk of inconsistent rulings that would accompany parallel litigation.*[44]

Similarly, we find dismissing Samsung's action without prejudice to refile in the Eastern District of Texas maximizes judicial efficiency and comity among federal courts and serves the purposes of the first-filed rule.

**III.     Conclusion**

In the accompanying Order, we dismiss Samsung's action without prejudice to be renewed as affirmative claims in the first filed action should the United States Court of Appeals for the Federal Circuit remand for further proceedings. Samsung's defenses, now dressed up as affirmative claims, do not belong in this second filed case. It is litigating these issues before the United States Court of Appeals for the Federal Circuit.  We decline to jump into a dispute fully litigated before Judge Mazzant.

---

[1] *Imperium (IP) Holdings, Inc. v. Apple, Inc., et al.*, No. 11-163.

[2] *See* ECF Doc. No. 10-1.

[3] *Id*. at Section 1. The terms "Affiliate" and "Licensed Patents" as well as other key terms are defined in Section 1 of the Sony License Agreement.

[4] First Amended Complaint at ¶¶ 3-4, 21-33 (ECF Doc. No. 31).

[5] *Id.* §§ 2.6, 6.5.

[6] *Id.* § 2.6.

[7] *Id.* § 6.5.

[8] *Imperium Holdings (Cayman), Ltd. v. Samsung Electronics Co., Ltd., et al.*, No. 14-371. The case is assigned to the docket of the Honorable Amos L. Mazzant, III.

[9] *Id.*, 2016 WL 278971 at *1 (E.D. Tex. Jan. 21, 2016).

[10] Texas Action ECF Doc. No. 155.

[11] Texas Action ECF Doc. No. 171.

[12] ECF Doc. No. 9.

[13] ECF Doc. Nos. 15, 16.

[14] ECF Doc. No. 18.

[15] *Imperium IP Holdings (Cayman), Ltd.,* 2016 WL 23144 at * 2 (E.D. Tex. Jan. 19, 2016).

[16] *Id.*, 2016 WL 278971.

[17] *Id.* at *2-*3.

[18] *Id.* at *3.

[19] Texas Action at ECF Doc. No. 253.

[20] Texas Action at ECF Doc. No. 254.

[21] *Id*, 203 F.Supp.3d 755, 759-61 (E.D.Tex. 2016).

[22] *Id.* at 760.

[23] *Id.*

[24] *Id.*

[25] Texas Action at ECF Doc. No. 330.

[26] *Id.* at ECF Doc. No. 337.

[27] *Id.*, ___ F.Supp. 3d ___, 2017 WL 1716400 (E.D. Tex. Apr. 27, 2017).

[28] Texas Action at ECF Doc. No. 373.

[29] ECF Doc. No. 27.

[30] ECF Doc. No. 31.

[31] *In re Mobile Telecomm. Tech. LLC*, 243 F.Supp. 3d 478, 483 (D.Del. 2017) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)).

[32] *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) (citations omitted).

[33] *Id.* at 971 (citations omitted).

[34] *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d Cir. 2016). In *Chavez*, our court of appeals recently held it is "almost always" an abuse of a district court's discretion to apply the first-filed rule to dismiss a case with prejudice and we "should generally avoid terminating a claim under the first-filed rule that has not been, and may not be, heard by another court." *Id.* at 220-21.

[35] *In re Mobile Telecomm Tech.*, 243 F.Supp.3d at 483 (citing *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005) and quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)).

[36] *Futurewei Tech., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 409 (Fed. Cir. 2013) (citing *Merial Ltd. v. Cipla Ltd.,* 681 F.3d 1283, 1299 (Fed. Cir. 2012)).

[37] *See* ECF Doc. No. 18.

[38] *Atlantic Marine Constr. Co. v. U.S. Dist. Court*, ___ U.S. ___, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013).

[39] *In re: Howmedica Osteonics Corp*, 867 F.3d 390 (3d Cir. 2017).

[40] *Id.* at 405.

[41] Samsung argues *Futurewei* is inapposite based on its facts and because it is not binding in this Circuit.

[42] *Futurewei*, 737 F.3d at 707.

[43] *Id.* at 708.

[44] *Id.* at 709 (citations and footnote omitted) (emphasis added).