# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) Case No. 15-cv-1059-CFC <br> IMPERIUM IP HOLDINGS ) <br> (CAYMAN), LTD., ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) | |

## IMPERIUM'S BRIEF IN SUPPORT OF ALTERNATIVE MOTION TO TRANSFER

Dated: July 9, 2019

Alan M. Fisch (*pro hac vice*)
R. William Sigler (*pro hac vice*)
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
+1.202.362.3500
alan.fisch@fischllp.com
bill.sigler@fischllp.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant Imperium*
*IP Holdings (Cayman), Ltd.*

# TABLE OF AUTHORITIES

**Cases**

*Atl. Marine Const. Co. v. W.D. Tex.*,
  571 U.S. 49 (2013) ............................................................................................ 2, 6, 7

*Bldg. Constr. Enters., Inc. v. Gary Meadows Constr. Co.*,
  2007 WL 1041003 (E.D. Ark. Apr. 4, 2007) ............................................................ 6

*D'Elia v. Grand Caribbean Co.*,
  2010 WL 1372027 (D.N.J. Mar. 30, 2010) ............................................................... 5

*Electro-Mech. Corp. v. Riter Eng'g Co.*,
  2011 WL 2118704 (D. Utah May 25, 2011) ............................................................ 6

*Freedom Mortg. Corp. v. Irwin Fin. Corp.*,
  2009 WL 763899 (D. Del. Mar. 23, 2009) ........................................................... 3, 6

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
  737 F.3d 704 (Fed. Cir. 2013) .................................................................................. 6

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*,
  203 F. Supp. 3d 755 (E.D. Tex. 2016) ...................................................................... 3

*In re Amendt*,
  169 F. App'x 93 (3d Cir. 2006) ................................................................................ 2

*In re Canrig Drilling Tech., Ltd.*,
  2015 WL 10936672 (Fed. Cir. Aug. 7, 2015) ........................................................... 2

*In re Vicor*,
  493 Fed. App'x 59 (Fed. Cir. 2012) .......................................................................... 3

*In re Vistaprint Ltd.*,
  628 F.3d 1342 (Fed. Cir. 2010) ............................................................................ 2, 3

*In re Volkswagen of Am., Inc.*,
  566 F.3d 1349 (Fed. Cir. 2009) ................................................................................ 3

*In re: Howmedica Osteonics Corp*,
  867 F.3d 390 (3d Cir. 2017) ..................................................................................... 2

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ....................................................................................... 2

*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*,
  2012 WL 3777423 (D. Del. Aug. 30, 2012) .......................................................... 3, 6

*Phoenix Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*,
    --- F. Supp. 3d ---, 2019 WL 2314561 (E.D. Pa. Feb. 22, 2019) ............................................... 4

*Reading Health Sys. v. Bear Stearns & Co.*,
    900 F.3d 87 (3d Cir. 2018) ........................................................................................................ 6

*Thompson v. Glob. Mktg. Research Servs., Inc.*,
    2016 WL 233702 (E.D. Pa. Jan. 20, 2016) .............................................................................. 4

**TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT ........................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ....................................................................1

STATEMENT OF FACTS ........................................................................................................1

LEGAL STANDARD ...............................................................................................................2

ARGUMENT ...........................................................................................................................2

    I.    THE RELEVANT FACTORS WARRANT TRANSFER. ..........................................2

    II.   THE FORUM-SELECTION CLAUSE DOESN'T IMPACT THE ANALYSIS. ........4

CONCLUSION .........................................................................................................................7

## SUMMARY OF THE ARGUMENT

Absent dismissal, Imperium respectfully requests that this Court transfer this action under 28 U.S.C. § 1404(a) to the Eastern District of Texas. In that court's Sherman division, Judge Amos L. Mazzant III presided over the patent-infringement suit this action is duplicating from its inception through judgment. In that case, Samsung submitted no less than 17 briefs on the Sony-license theory at issue here. In multiple written decisions and rulings, the Texas court repeatedly addressed issues related to Samsung's claims here, including claim interpretation for the patents-in-suit, Samsung's allegations of "concealment," and interpretation of the scope of the Sony license itself. As such, judicial economy alone strongly warrants transfer of this case to the Texas court absent dismissal.

## NATURE AND STAGE OF THE PROCEEDINGS

After the Third Circuit's remand, this Court granted Samsung permission to file its Second Amended and Supplemental Complaint (D.I. 63). This Court also set a schedule for Imperium to file renewed motions to dismiss and/or transfer, and stayed discovery pending their resolution.

## STATEMENT OF FACTS

Imperium's contemporaneously filed Brief in Support of Motion to Dismiss sets forth the relevant background. As noted, Imperium previously requested transfer in connection with its September 11, 2017 motion to dismiss.[1] The Court didn't reach the transfer issue, and it wasn't before the Third Circuit.

---

[1] D.I. 35, 36.

**LEGAL STANDARD**

Under 28 U.S.C. § 1404(a), this Court may transfer this action for "the convenience of parties and witnesses, in the interest of justice." As the Third Circuit has explained, this statute "vest[s] district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer."[2] Thus, a motion under § 1404(a) asks a court to balance a non-exclusive list of private-interest factors (e.g., the parties' preferences, the parties' relative resources, whether the claim arose elsewhere, witness and evidence availability) and public-interest factors (e.g., judicial economy, the public policies of the forum, and other policy-related considerations).[3]

**ARGUMENT**

**I.   THE RELEVANT FACTORS WARRANT TRANSFER.**

Judicial economy plays a prominent role in the transfer analysis.[4] Indeed, in situations involving duplicative litigation, the Third Circuit and other courts have repeatedly found that judicial economy, or "the avoidance of duplicative litigation," is the "paramount" or "most important" factor in the § 1404(a) analysis.[5] Additionally, in the patent context, the Federal Circuit

---

[2] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). As detailed below, no party with a right to enforce a forum-selection clause is seeking to do so here. While the Supreme Court's *Atlantic Marine* framework governs "contracting parties who affirmatively agreed to litigate in a particular forum as an express term of their agreements," it doesn't "disturb in any way the customary § 1404(a) analysis that applies where parties are not bound by a forum-selection clause." *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402–03 (3d Cir. 2017) (citing *Atl. Marine Const. Co. v. W.D. Tex.*, 571 U.S. 49 (2013)).

[3] *E.g.*, *Jumara*, 55 F.3d at 879–80.

[4] *E.g.*, *In re Canrig Drilling Tech., Ltd.*, 2015 WL 10936672, at *1 (Fed. Cir. Aug. 7, 2015); *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (noting the Supreme Court has "emphasiz[ed] the importance that judicial economy and efficiency play in a § 1404(a) analysis").

[5] *E.g.*, *In re Amendt*, 169 F. App'x 93, 96 (3d Cir. 2006) (describing "avoidance of duplicative litigation" as "the most important factor," where defendants in the first-filed case commenced a second action seeking another "bite at the apple" on already-litigated issue); *In re Volkswagen of*

2

has explained that this public-interest factor may hinge on whether a court became "familiar with the [asserted patents] and the related technology during a prior litigation."[6]

The Eastern District of Texas has four years' experience handling the same transactional facts and issues that Samsung raises in its complaint. The Texas court presided over the trial and other proceedings, and has extensive knowledge of the technology, the patents, the parties, and all the accused Samsung products.[7] The Texas court is also extensively familiar with—and has repeatedly considered—the issues related to Samsung's Sony-license theory, including interpretation of the asserted patent claims, Samsung's waiver, Samsung's allegations of "concealment," and Samsung's interpretations of contract provisions (e.g., the definition of "Covered Third Party Products").[8] Considering these facts and the relevant authorities, the public-interest factors strongly support transfer.

To the extent it's necessary to consider private interests, they also support transfer. While the plaintiff's choice typically is important, Samsung chose this forum only after Imperium chose where to bring the underlying patent-infringement action. As district courts in the Third Circuit have repeatedly found, such prior litigation "undermines the deference that might otherwise be

---

*Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice."); *In re Vicor*, 493 Fed. App'x 59, 61 (Fed. Cir. 2012) (same); *see also Freedom Mortg. Corp. v. Irwin Fin. Corp.*, 2009 WL 763899, at *6 (D. Del. Mar. 23, 2009) (relying on "Delaware's public policies promoting judicial efficiency and comity" in finding transfer of duplicative litigation warranted, despite Delaware forum-selection clause); *Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 2012 WL 3777423, at *2 (D. Del. Aug. 30, 2012) (same).

[6] *Vistaprint*, 628 F.3d at 1346.

[7] *See generally*, E.D. Tex. Case 4:14-cv-371.

[8] *E.g.*, *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, 203 F. Supp. 3d 755, 761 (E.D. Tex. 2016).

afforded to [Samsung's] decision."[9] And the fact that Samsung is a Korean corporation only further undermines its choice. As one such court recently held:

> Plaintiff's choice of forum "is given less weight" when the chosen forum is not "its state of residence." Plaintiffs here are subsidiaries of a "financial services conglomerate headquartered in Israel." I thus will not defer to Plaintiff's choice.[10]

To be sure, neither of the parties here, nor their dispute, has much (if any) connection to this forum. To Imperium's knowledge, there are no potential witnesses or other evidence located here. And all the conduct alleged in Samsung's complaint took place elsewhere, mostly in Texas. The only reason Samsung brought this action here is to argue that a forum-selection clause excuses its waiver of its Sony-license theory in Texas.[11] Since Samsung didn't negotiate for and can't enforce that clause, as detailed below, the relevant private-interest factors also support transfer to the Texas court.

**II.   THE FORUM-SELECTION CLAUSE DOESN'T IMPACT THE ANALYSIS.**

In the Sony action, Imperium sued Sony Mobile Communications (USA) Inc., a Delaware corporation.[12] In the settlement-and-license agreement that resolved Imperium's claims against Sony—i.e., the "SLA"—Imperium agreed with Sony to litigate any SLA-related disputes in Delaware state or federal courts.[13] For at least four reasons, that forum-selection clause doesn't impact the transfer analysis here.

---

[9] *Thompson v. Glob. Mktg. Research Servs., Inc.*, 2016 WL 233702, at *5 (E.D. Pa. Jan. 20, 2016) (citing cases).

[10] *Phoenix Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, --- F. Supp. 3d ---, 2019 WL 2314561, at *5 (E.D. Pa. Feb. 22, 2019) (internal citations omitted).

[11] *E.g.*, D.I. 37 at 7 (arguing Samsung didn't need to assert its claims in Texas because it "could only assert its breach of contract claims in this Court").

[12] D.I. 10-1 (SLA) at 1; E.D. Tex. Case 4:11-cv-163, D.I. 62 at ¶ 9.

[13] D.I. 10-1 at 10 (§ 6.5).

4

First, Samsung, which alleges itself to be a "third-party-beneficiary" or "Licensee Third Party" under the SLA,[14] has no right to enforce the SLA's forum-selection clause. In the Third Circuit, a non-signatory party may enforce a forum-selection clause only if it's an intended third-party beneficiary of that contract provision, or so closely related to the contract or dispute that it's foreseeable that the party will be bound.[15] But the SLA disclaims all third-party rights except as expressly provided. As stated in § 6.7:

> Nothing in this Agreement is intended to confer upon any Person, other than the Parties, their respective Affiliates, and their respective successors and assigns, any rights, remedies, obligations or liabilities under or by reason of this Agreement, except as expressly provided in this Agreement.[16]

And the forum-selection clause, § 6.5, sets forth rights and obligations only of the "Licensee" and "Licensor," or collectively, the "Parties."[17] These are defined terms that refer to Imperium, Sony, and their Affiliates (i.e., entities under common control).[18] Nothing in § 6.5 of the SLA refers to any "Licensee Third Parties" (a separately defined term), any other third parties, or any third-party rights or obligations. Thus, Samsung has no right to enforce the forum-selection clause.[19]

---

[14] *E.g.*, D.I. 63 at ¶¶ 1, 66–67.

[15] *D'Elia v. Grand Caribbean Co.*, 2010 WL 1372027, at *3–5 (D.N.J. Mar. 30, 2010) ("Although, on its face, the clause may seem to benefit multiple non-signatory parties …, nothing in the clause, plaintiffs' complaint, or the parties' briefs clearly and unequivocally illustrates the intent of the signatories to extend the benefits of the forum selection clause to [defendant].").

[16] D.I. 10-1 at 10 (§ 6.7); *see also id.* at 4 (§ 2.8, Excluded Parties).

[17] *Id.* at 10 (§ 6.5).

[18] *Id.* at 1–2 (Definitions). The definition of "Affiliate" is narrow and doesn't arguably include Sony customers like Samsung.

[19] *See, e.g., D'Elia*, 2010 WL 1372027, at *3–5.

Second, it's well-established that a contracting party can waive a forum-selection clause through its actions.[20] There's no reason a third-party beneficiary couldn't as well. So even if the forum-selection clause had provided for third-party rights, Samsung waived any such rights by never timely asserting them or moving to transfer in the Texas action.[21]

Finally, the result wouldn't be any different under the Supreme Court's *Atlantic Marine* framework, even if Samsung were a contracting party. Under *Atlantic Marine*, the § 1404(a) inquiry changes where the litigants have agreed to a valid and enforceable forum-selection clause, insofar as courts still consider the public-interest factors, but deem the private-interest factors to weigh in favor of the bargained-for forum.[22] As the Supreme Court explained:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations, [and may] have been a critical factor in their agreement to do business together.[23]

That rationale doesn't apply here, where the only party seeking enforcement is an alleged third-party-beneficiary with no "settled" or other expectations.[24] Nevertheless, deciding the extent to which *Atlantic Marine* might control in these circumstances is unnecessary, since judicial econ-

---

[20] *E.g., Electro-Mech. Corp. v. Riter Eng'g Co.*, 2011 WL 2118704, at *2–4 (D. Utah May 25, 2011) (party waived forum-selection clause by bringing suit elsewhere); *Bldg. Constr. Enters., Inc. v. Gary Meadows Constr. Co.*, 2007 WL 1041003, at *4 (E.D. Ark. Apr. 4, 2007) (same).

[21] *See generally* E.D. Tex. Case 4:14-cv-371; *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708–10 (Fed. Cir. 2013) (concluding that the first-filed court could handle any necessary transfer or third-party-beneficiary analysis).

[22] *Atl. Marine*, 571 U.S. at 64.

[23] *Id.* at 66.

[24] As the Third Circuit has explained, the "transfer framework announced in *Atlantic Marine* presupposes the existence of an action that falls within the scope of a valid forum-selection clause." *Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 97 (3d Cir. 2018). Thus, the Third Circuit has applied that framework only after concluding that a plaintiff's claim falls within the scope of an enforceable forum-selection clause. *Id.* at 97, n.43. Here, in addition to Samsung's lack of third-party rights, enforcement would violate Delaware public policies. *See Freedom Mortg.*, 2009 WL 763899, at *6; *Mitek*, 2012 WL 3777423, at *2.

omy and the public-interest factors outweigh any private interest in enforcement. Both district court judges previously assigned to this matter reached much the same conclusion when ruling on Samsung's stay and applying the first-filed rule. As recounted in the earlier dismissal decision:

> Judge Robinson rejected [Samsung's] argument: "[W]hile forum selection clauses should generally be enforced, Samsung—as an alleged third party beneficiary to the [SLA]—did not bargain for the clause and had no 'settled expectations' regarding such. In any event, … the interests identified with enforcing such clauses are outweighed under the circumstances at bar by the interests of judicial efficiency and comity; that is, it makes sense to allow a knowledgeable judge on a trial schedule with the issue before him to do his job." We agree, and all the more so nearly two years since Judge Robinson issued her stay order. In the interim, the parties litigated the Texas Action and Judge Mazzant considered issues related to the [SLA] and presided over trial.
>
> The Supreme Court's holding in *Atlantic Marine* does not require a different outcome. … Even where there is a forum selection clause and even if we found Samsung a contracting party—and we note Judge Robinson found Samsung an alleged third-party beneficiary to the [SLA]—we could decline to enforce a valid forum selection clause if we determine "the strong public interest in upholding the contracting parties' settled expectations is 'overwhelmingly' outweighed by the countervailing interests." … Even if we were to find the forum selection clause trumps the first filed rule, the countervailing interests of avoiding a second district court reviewing the same issues carries the day.[25]

Because Samsung's unnecessary duplication of litigation has continued, the public-interest factor favoring transfer are just as strong today. And even if Samsung were a contracting party, with an unwaived right to assert a forum-selection clause, transfer still would be warranted.

## **CONCLUSION**

Absent dismissal, considerations of judicial economy justify § 1404(a) transfer to the Eastern District of Texas, where Judge Mazzant presided over four years of patent-infringement and Sony-license proceedings that this action is duplicating.

---

[25] D.I. 44 at 9–10 (quoting D.I. 18 and citing *Atl. Marine*, 571 U.S. 49).

Dated: July 9, 2019                    Respectfully submitted,

                                            FARNAN LLP

                                            /s/ Michael J. Farnan
                                            Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Alan M. Fisch (*pro hac vice*)
R. William Sigler (*pro hac vice*)
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
+1.202.362.3500
alan.fisch@fischllp.com
bill.sigler@fischllp.com

*Attorneys for Defendant Imperium IP Holdings (Cayman), Ltd.*