IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-1059-CFC |
| IMPERIUM IP HOLDINGS (CAYMAN), LTD., | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Plaintiff Samsung Electronics Co., Ltd. alleges in its two-count Second Amended Complaint (D.I. 63) that Defendant Imperium IP Holdings (Cayman), Ltd. breached a licensing agreement by bringing in the Eastern District of Texas the patent infringement action captioned *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd., et al.*, No. 14-371 (the Texas Action). Samsung says it is a third-party beneficiary to the licensing agreement, and it seeks damages (Count I) and a declaratory judgment (Count II) for the alleged breach of contract. Pending before me is Imperium's motion to dismiss both counts. D.I. 74. Imperium argues that "claim preclusion and the 'final resolution' of the Texas Action bar Samsung's claims" in this action and mandate their dismissal under Federal Rule of Civil Procedure 12(b)(6). D.I. 75 at 16 (original text capitalized).

In the Texas Action, Imperium alleged that Samsung infringed claims of three patents: U.S. Patent Nos. 6,271,884 (the "#884 patent"), 7,092,029 (the "#029 patent"), and 6,836,290 (the "#290 patent"). The jury found infringement of claims of the #884 patent and the #029 patent. It also found that the #290 patent was invalid.

Before trial in the Texas Action, Samsung had sought leave to file after the deadline for summary judgment motions had passed a summary judgment motion based on the licensing agreement. Samsung argued that summary judgment against Imperium was warranted because the licensing agreement barred Imperium from asserting its infringement claims. The district court denied Samsung leave because Samsung had failed to show that its failure to bring the motion in a timely fashion was due to excusable neglect. Texas Action, D.I. 219 at 4. In a post-trial order in the Texas Action, the district court ruled that Samsung's failure to raise its licensing agreement defense until after the deadline for summary judgment motions constituted a waiver of Samsung's right to assert that defense. *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, 203 F. Supp. 3d 755, 759–60 (E.D. Tex. 2016). That same day, the district court entered judgment in favor of Imperium. Texas Action, D.I. 330. The district court never addressed the merits of Samsung's licensing agreement defense.

After the jury's verdict in the Texas Action, but before the district court had issued the last of its post-trial orders, the Patent and Trademark Office's Patent Trial and Appeal Board held in two decisions that the claims of the #290 and #029 patents asserted by Imperium in the Texas Action were unpatentable. *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, 757 F. App'x 974, 976–77 (Fed. Cir.), *cert. denied*, 140 S. Ct. 242, 205 L. Ed. 2d 129 (2019). The Federal Circuit affirmed the Board's decisions. *Id.*

Samsung appealed the district court's judgment in the Texas Action to the Federal Circuit. In its notice of appeal, Samsung expressly stated that its appeal covered several district court orders, including the court's orders that prohibited Samsung from asserting its licensing agreement defense. Texas Action, D.I. 373 at 1–2.

The Federal Circuit reversed the judgment entered against Samsung in the Texas Action. *Imperium*, 757 F. App'x at 980. The Court held that "the jury could not properly find that the claims of the [#]884 patent at issue here are not anticipated" and that "[t]he liability judgment against Samsung based on the [#]884 patent therefore must be reversed." *Id.* The Court further held that because of its decision to affirm the Board's determination that the asserted claims of the #029 are unpatentable, "[l]iability based on those claims, therefore, is now precluded." *Id.* Finally, the Court held that it "need not reach any of the remaining issues

3

presented on the appeal" because those issues "are mooted by the reversal of liability." *Id.*

"A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel." *Jaffree v. Wallace*, 837 F.2d 1461, 1466 (11th Cir. 1988); *see also Di Gaetano v. Texas Co.*, 300 F.2d 895, 897 (3d Cir. 1962); *Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir. 1980); *Assocs. Capital Servs. Corp. v. Loftin's Transfer & Storage Co.*, 554 F.2d 188, 189 (5th Cir. 1977); *Simpson v. Motorists Mut. Ins. Co.*, 494 F.2d 850, 854 (7th Cir. 1974). Thus, the Texas Action, which was reversed by the Federal Circuit, has no preclusive effect on this litigation, and the district court's rulings in that action do not bar Samsung's claims in this case.

WHEREFORE, at Wilmington this Second day of March 2020, Imperium's Motion to Dismiss (D.I. 74) is DENIED.

　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　United States District Judge