IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-1059-CFC |
| IMPERIUM IP HOLDINGS (CAYMAN), LTD., | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Whereas Plaintiff Samsung Electronics Co. Ltd. alleges in its Second Amended and Supplemental Complaint that Defendant Imperium IP Holdings (Cayman), Ltd. is subject to this Court's personal jurisdiction because Imperium "voluntarily entered into a binding Settlement and License Agreement containing a forum selection clause conferring exclusive jurisdiction with this Court," D.I. 63 ¶ 27;

Whereas Samsung also alleges that Samsung is a non-signatory, third-party beneficiary of the Settlement and Licensing Agreement, *id.* ¶ 66, and that the Agreement "forms the basis for [Samsung's] claims in this action," *id.* ¶ 27;

Whereas the Agreement has a forum selection clause which states "that all disputes and litigation regarding this Agreement, its construction and matters

connected with its performance be subjected to the exclusive jurisdiction of the state and federal courts located in Delaware," D.I. 10-1, Section 6.5;

Whereas pending before the Court is Imperium's Alternative Motion to Transfer, D.I. 76;

Whereas Imperium argues in its motion that Samsung is not an intended third-party beneficiary of the Agreement's forum selection clause, D.I. 77 at 5;

Whereas the Third Circuit held in *In re McGraw-Hill Global Education Holdings LLC*, 909 F.3d 48, 58 (3d Cir. 2018) that its "case law directs [district courts] to use state law to determine the scope of a 'forum selection clause'" and that "[s]tate law, therefore, typically governs whether the clause covers a particular claim, as well as whether the clause applies to a non-signatory as an intended beneficiary or closely related party";

Whereas Imperium did not cite *McGraw-Hill* in its brief filed in support of its motion and did not address in its briefing what state's law should govern the interpretation of the Agreement's forum selection clause;

Whereas Samsung criticized Imperium for not citing *McGraw-Hill*, D.I. 79 at 3 (noting that *McGraw-Hill* is "inexplicably absent from Imperium's Transfer Motion"), but then, like Imperium, failed to discuss what state's law should govern the interpretation of the Agreement's forum selection clause; and

Whereas both parties appear to agree that the transfer "analysis starts and ends with the Forum Selection Clause," *id.* at 3;

Now therefore, IT IS HEREBY ORDERED that:

1. Imperium's Alternative Motion to Transfer (D.I. 76) is DENIED WITHOUT PREJUDICE;

2. If Imperium still seeks to transfer this case, it can refile its motion; and

3. If Imperium does refile its motion, both sides shall identify and discuss in their briefing the case law that should guide the Court's transfer analysis under *McGraw-Hill*.

_____
United States District Judge