# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., <br><br>                     Plaintiff, <br><br> v. <br><br> IMPERIUM IP HOLDINGS (CAYMAN), LTD., <br><br>                     Defendant. | Civil Action 15-1059-CFC |

## DEFENDANT IMPERIUM IP HOLDINGS (CAYMAN), LTD.'S REPLY IN SUPPORT OF MOTION TO TRANSFER

Joelle E. Polesky (ID No. 3694)
Stradley Ronon Stevens & Young, LLP
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Tel: 302 295-4856
Email: jpolesky@stradley.com

*Attorneys for Defendant, Imperium IP
Holdings (Cayman), Ltd.*

OF COUNSEL:
Gregory L. Ewing (to be admitted *pro hac vice*)
Potomac Law Group, PLLC
1300 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202 204-3005
Email: gewing@potomaclaw.com

Dated: June 2, 2020

4580785v.1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

INTRODUCTION .................................................................................................... 1

ARGUMENT ........................................................................................................... 2

I.     Samsung offers very little to support its claimed third-party beneficiary status under the SLA.................................................................. 2

II.    Samsung attempts to create controversy where there is none. ...................... 4

III.   The Eastern District of Texas is still the most appropriate forum for this dispute. ................................................................................................. 5

CONCLUSION ....................................................................................................... 7

i

# TABLE OF AUTHORITIES

**Cases**

*Amirsaleh v. Board of Trade of the City of New York, Inc.*,
  2008 WL 4182998 (Del. Ch. Sept. 11, 2008) ........................................3

*Empire Fire & Marine Insur. Co. v. Miller*,
  2012 WL 1151030 (Del. Comm. Pl. Apr. 5, 2012)................................3

*Freedom Mortg. Corp. v. Irwin Fin. Corp.*,
  2009 WL 763899 (D. Del. Mar. 23, 2009)...........................................6

*Galvagna v. Marty Miller Constr., Inc.*,
  1997 WL 720463 (Del. Super. Ct. Sep. 19, 1997) .............................2-3

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*,
  203 F. Supp. 3d 755 (E.D. Tex. 2016) ..................................................6

*Madison Realty Partners 7, LLC v. AG ISA, LLC*,
  2001 WL 406268 (Del. Ch. Apr. 17, 2011) ..........................................3

*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*,
  2012 WL 3777423 (D. Del. Aug. 30, 2012) ..........................................6

*Reserves Dev. LLC v. Severn Sav. Bank, FSB*,
  2007 WL 4054231 (Del. Ch. Nov. 9, 2007)...........................................3

**Statutes**

Companies Law of the Cayman Islands, § 206 et. seq. (2020) ................................4

## INTRODUCTION

Samsung maintains its attempt for this Court to give it a second bite at the apple by eliding the facts, misconstruing the law, and attempting to create controversy where there is none.  First, Samsung argues that its rights are "expressly provided" but offers no support for that conclusion beyond its own conclusory statement.  Second, Samsung argues that it is an intended beneficiary but does not address any of the three factors required for that status under Delaware law or the fact that the parties to the Sony Licensing Agreement ("SLA") specifically excluded any such beneficiary status for Samsung.  Third, Samsung claims that the SLA explicitly grants it the right to recover its fees and costs.  But not only did the Texas Court reject this argument, the cited clause does not actually give Samsung, an incidental third-party beneficiary to the contract, any right to enforce its provisions.

More significantly, Samsung attempts to create controversy around an alleged failure to disclose.   But Samsung's manufactured controversy is based on misunderstanding of the facts and the law.  Imperium did not obtain approval from its board of directors to complete the transfer from being a Cayman Islands' entity until September 2019, when the board of directors signed the resolution transferring the entity from the Caymans to Delaware.  Moreover, undersigned counsel disclosed Imperium's corporate status at the procedurally appropriate time:  in its Answer to

Second Amended and Supplemental Complaint (D.I. 97 ¶ 25).  There simply is no controversy or failure to disclose as Samsung claims.

Finally, Samsung offers nothing to counter the truths that it sat on its hands in Texas, the Court where it should have raised its alleged Sony License defense before the eve of trial, and that the Texas Court was unconvinced by the same arguments Samsung raises here.  In short, Samsung asks this Court to sit in appeal on the Texas District Court's findings of waiver and its post-trial findings related to Samsung's "Covered Third Party Products" argument.  But now that the Texas jury's verdict was overturned on different grounds by the Federal Circuit, Samsung cannot re-raise defenses in this Court that were rejected by the original trial court.  To allow Samsung to proceed here instead of before the court originally faced with these issues would be a perversion of our legal system.

## ARGUMENT

I.    **Samsung offers very little to support its claimed third-party beneficiary status under the SLA.**

Samsung offers insufficient support for its claimed third-party beneficiary status under the SLA.  First, Samsung claims that its rights are "expressly provided." Plaintiff Samsung Electronics Co., Ltd.'s Answering Brief in Opposition to Defendant Imperium's Third Motion to Transfer ("Opp.") (D.I. 107) at 14.  But Samsung's conclusory statement does not overcome the SLA's express language disavowing third-party rights.  *See Galvagna v. Marty Miller Constr., Inc.*, 1997 WL

2

720463, at *3 (Del. Super. Ct. Sep. 19, 1997) (owner of property not an intended third-party beneficiary to contract between general contractor and subcontractor where contract excluded third-party beneficiaries); *see also Empire Fire & Marine Insur. Co. v. Miller*, 2012 WL 1151030, at *5 (Del. Comm. Pl. Apr. 5, 2012) (party lacked standing where contract contained clear provision disclaiming intent to confer benefit on third parties).

Second, under Delaware law, "demonstrating that a party is a third-party beneficiary requires proof of three elements:  (1) an intent between the contracting parties to benefit a third party through the contract; (2) an intent that the benefit serve as a gift or in satisfaction of a preexisting obligation to the third party; and (3) a showing that benefiting the third party was a material aspect to the parties agreeing to contract."  *Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4054231, at *18 (Del. Ch. Nov. 9, 2007); *see also Amirsaleh v. Board of Trade of the City of New York, Inc.*, 2008 WL 4182998, at *5 (Del. Ch. Sept. 11, 2008); *Madison Realty Partners 7, LLC v. AG ISA, LLC*, No. 2001 WL 406268, at *5 (Del. Ch. Apr. 17, 2011).  Samsung offers no such proof.

More fundamentally though, Samsung's arguments miss the point.  Even assuming Samsung purchases Sony CMOS image sensors, those sensors were not at issue in the Texas action – a fact the Texas Court knows well.  And because those Sony sensors did not form the basis for Imperium's claims or the jury's verdict,

3

Samsung cannot claim third-party beneficiary status here.   This foundational question is one with which the Texas Court has already grappled, heard testimony, reviewed expert reports, and received voluminous briefing, which is why the Texas Court is the appropriate venue for this continuation of the earlier action.

## II.   Samsung attempts to create controversy where there is none.

Samsung claims that Imperium failed to inform this Court, the Federal Circuit, and the Supreme Court that Imperium was no longer a Cayman Islands entity. According to Samsung this was such an egregious error that it alone requires denial of the Motion to Transfer.  Opp. at 8-9, 21.  Samsung is wrong as a matter of fact and law.

First, and most importantly, the Cayman Islands entity that that held the patents at issue here did not cease to exist until September 9, 2019, when the company's board of directors approved transfer of the company to Delaware.  *See* Declaration of Vincent Capone in Support of Motion to Transfer (attached as Exhibit A).

Second, under the Companies Law of the Cayman Islands, deregistration is required as a necessary prerequisite to transfer.  *See* Companies Law of the Cayman Islands,             §             206             et.             seq.             (2020) (https://www.cima.ky/upimages/commonfiles/CompaniesLaw2020Revision_1579 811065.pdf (last visited June 2, 2020)).   Imperium's deregistration did not occur

4

until after September 9, 2019, when the Imperium board approved filing of the necessary deregistration documents.

Third, the fact that Imperium formed Pictos Technologies, Inc. in 2018, when it first expected to make the transfer from Imperium, does not mean Imperium or Pictos was under an obligation to notify any court, whether it be the Federal Circuit, Supreme Court, or this Court. That entity was an empty shell until Imperium's board of directors completed the transfer of assets by Special Resolution in September 2019.

Finally, shortly after new counsel for Imperium entered an appearance, it filed an Answer to Second Amended and Supplemental Complaint (D.I. 97) in which it clarified Imperium's corporate status. Samsung's aspersions are unfounded and should form no part of the Court's decision here.

## III. The Eastern District of Texas is still the most appropriate forum for this dispute.

After the jury decided that Samsung had infringed Imperium's patents and awarded Imperium significant damages, Samsung again raised its Sony License defense. Making the same arguments it does here, Samsung claimed that it should be released from damages under the SLA. But the Texas District Court was unconvinced.

> Finally, Defendants' assertion that the verdict triggered coverage under a second definition of "Covered Third Party Products" is unconvincing, as such logic would allow parties to wait until after a verdict, after the dust has cleared, to bring new disputes that were rightly the subject of the litigation.

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, 203 F. Supp.3d 755, 761 (E.D. Tex. 2016). Samsung did not like that result and is now asking this Court to reconsider the Texas Court's decision. Using one district court to reconsider another district court's decisions is not how our judicial system was intended to be used.

Samsung's entire case here turns on filings, expert reports, argument, testimony, jury decisions, and court decisions, all of which occurred in the Eastern District of Texas. Indeed, the Eastern District of Texas received and analyzed at least 17 briefs from Samsung on these issues, reviewed hundreds of pages of expert reports, and heard hours of witness testimony, expert testimony, and argument related to these issues. "Delaware's public policies promoting judicial efficiency and comity" militate in favor of transferring this case back to Texas instead of sitting in review of the Eastern District of Texas and relitigating the same issues. *See Freedom Mortg. Corp. v. Irwin Fin. Corp.*, 2009 WL 763899, at *6 (D. Del. Mar. 23, 2009); *see also Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 2012 WL 3777423, at *2 (D. Del. Aug. 30, 2012) (relying on Delaware's public policies promoting

6

judicial efficiency and comity in finding transfer of duplicative litigation warranted,

despite Delaware forum-selection clause).

## CONCLUSION

For all of the foregoing reasons, Imperium requests that this Court transfer

this case to the District Court for the Eastern District of Texas.

STRADLEY RONON
STEVENS & YOUNG, LLP

*/s/ Joelle E. Polesky*
Joelle E. Polesky (ID No. 3694)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Tel: 302 295-4856
Email: jpolesky@stradley.com

*Attorneys for Defendant, Imperium IP*
*Holdings (Cayman), Ltd.*

OF COUNSEL:
Gregory L. Ewing (to be admitted *pro hac vice*)
Potomac Law Group, PLLC
1300 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202 204-3005
Email: gewing@potomaclaw.com

Dated: June 2, 2020