IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> IMPERIUM IP HOLDINGS (CAYMAN), LTD., <br><br> Defendant. | Civil Action No. 15-1059-CFC-CJB |

## ORDER

Defendant Imperium IP Holdings (Cayman), Ltd. has moved for summary judgment in this breach of contract action brought by Plaintiff Samsung Electronics, Company, Ltd. D.I. 159. The contract in question, titled "Settlement and License Agreement" (SLA), was executed in 2013 by Imperium and two non-parties: Sony Corporation and its subsidiary, Sony Mobile Communications (USA) Inc. Samsung claims to be a third-party beneficiary of the SLA. Samsung alleges that Imperium breached the SLA when Imperium litigated a 2014 patent infringement suit against Samsung in the Eastern District of Texas and on appeal in the Federal Circuit and that Imperium again breached and continues to breach the

SLA based on Imperium's filing in 2020 of an action against Samsung that is currently pending before the International Trade Commission (ITC).

Imperium argues that it is entitled to summary judgment because "[t]he undisputed facts show that Samsung cannot satisfy the [SLA's] second definition of Covered Third Party Products." D.I. 161 at 13. The parties agree that "[t]he second definition requires that Samsung's products 'when running, using, operating within, or otherwise benefiting from the functionality of a Licensed Product is covered by any claim of the Licensed Patents.'" D.I. 161 at 13.

I will deny Imperium's motion because Imperium has admitted that at least some of the Samsung products that were at issue in the Texas case and are at issue in the ITC proceeding contain Sony sensors that practice at least one claim of a Licensed Patent. D.I. 177, Ex. 16 at SA228–SA229; *see also* D.I. 177, Ex. 7 at SA067–SA071; Ex. 15 at SA221–SA225. This admission provides Samsung with record evidence from which a jury could reasonably infer that (1) when the Texas case was being litigated (and before any Licensed Patent was declared invalid) the accused products in that case were covered by a claim of a Licensed Patent and (2) the Samsung products at issue in the pending ITC proceeding are covered by a claim of a Licensed Patent. Because record evidence exists to dispute Imperium's assertion that Samsung could not satisfy the second definition of Covered Third Party Products, there is at least one disputed material fact that precludes the entry

of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).

NOW THEREFORE, at Wilmington this Twelfth day of May in 2021, **IT IS HEREBY ORDERED** that Imperium's motion for summary judgment (D.I. 159) is DENIED.

_____
UNITED STATES DISTRICT JUDGE