IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> IMPERIUM IP HOLDINGS (CAYMAN), LTD., <br><br> Defendant. | Civil Action No. 15-1059-CFC-CJB |

# MEMORANDUM ORDER

Plaintiff Samsung Electronics Co., Ltd. has moved for partial summary judgment in this breach of contract action. D.I. 157. The contract in question, titled "Settlement and License Agreement" (SLA), was executed in 2013 by Defendant Imperium IP Holdings (Cayman), Ltd. and two non-parties: Sony Corporation and its subsidiary, Sony Mobile Communications (USA) Inc. Samsung claims to be a third-party beneficiary of the SLA. Samsung alleges that Imperium breached the SLA when Imperium litigated a 2014 patent infringement suit against Samsung in the Eastern District of Texas. Samsung has "move[d] for Partial Summary Judgment that [Imperium] breached the covenant of the second sentence of Section 2.6 of the [SLA] . . . by relying [in the Texas case] on Sony

image sensors to assert infringement of claims 1, 6, 14, and 16 of U.S. Patent No. 7,092,029 (the #029 patent) by Samsung digital cameras containing only a Sony image sensor[1] and by Samsung smartphones containing a Sony image sensor in their main cameras." D.I. 157.

The motion is arguably four motions, since Samsung appears to allege independent breaches of the SLA for each claim of the #029 patent Imperium accused Samsung of infringing in the Texas case. It might also be viewed as two motions, as Samsung makes two sets of arguments in its briefing—one set with respect to claims 1 and 4 and the other set with respect to claims 14 and 16. Samsung, however, filed a single motion and I will treat the motion as such.

Section 2.6 of the SLA provides that "[Imperium], on behalf of itself, and its successors and assigns, further covenants not to rely on any [Sony image sensor] or the exploitation thereof (in whole or in part) to satisfy any element of any claim of the [#029 patent]." D.I. 160, Ex. 2 § 2.6. The crux of Samsung's argument with respect to claims 1 and 6 is that Imperium breached section 2.6 by "rely[ing] on Sony image sensors (or the exploitation thereof) to satisfy elements of claims 1 and 6 [of the #029 patent]" in the Texas litigation D.I. 158 at 18.

---

[1] I take it that Samsung does not really mean to say that the Samsung digital cameras accused of infringement in the Texas case "contain[ed] only a Sony image sensor." I assume that the Samsung digital cameras must have contained things besides a Sony image sensor. I understand Samsung to mean that all the image sensors in the accused Samsung cameras were made by Sony.

Imperium disputes this assertion and argues that "[c]laims 1 and 6 of the #029 patent did not require proof of an image sensor, Sony or otherwise, and therefore Imperium did not rely on a Sony image sensor to satisfy any element of either claim." D.I. 174 at 1. Imperium cites record evidence from its expert's trial testimony that appears on its face to provide support for this position. *See* D.I. 175, Ex. 36 at IA-394 (Q: Is it your opinion that you don't need the eye or the image sensors, so to speak, to practice the claims of the #029 patent? A: For the preflash patents, that's a true statement, sir, you do not."). There is therefore record evidence from which a rational jury could infer that Imperium did not need to (and therefore did not) rely on Sony image sensors to prove in the Texas case that Samsung's accused products infringed claims 1 and 6 of the #029 patent.

Because there is at least one disputed fact material to Samsung's motion for partial summary judgment, I will deny the motion.[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).

---

[2] Because the motion was a single motion and a single disputed material fact precludes granting that motion, I did not address Imperium's argument that its allegations in the Texas case of infringement of claims 14 and 16 of the #029 patent (which explicitly recite an image sensor) did not violate section 2.6 because it dropped those allegations before trial. D.I. 174 at 7–9. I note, however, that the plain language of the second sentence of section 2.6 makes clear that the covenant set forth in that sentence is not limited to what occurs at a trial.

3

NOW THEREFORE, at Wilmington this Nineteenth day of May in 2021, **IT IS HEREBY ORDERED** that Samsung's Partial Motion for Summary Judgment (D.I. 157) is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE